NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 30 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHN V. COLEN,

Plaintiff - Appellant,

v.

COUNTY OF RIVERSIDE, official
capacity; RIVERSIDE COUNTY
SHERIFF'S DEPARTMENT, official
capacity; DOES, 1-10, Inclusive,

Defendants - Appellees.

No. 25-2286

D.C. No. 5:24-cv-02081-SRM-JDE

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Serena Raquel Murillo, District Judge, Presiding

Submitted July 29, 2026[**]

Before:    McKEOWN, TALLMAN, and MENDOZA, JR., Circuit Judges.

John V. Colen appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging excessive force. We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to serve the summons and complaint under Federal Rule of Civil Procedure 4(m). *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511 (9th Cir. 2001). We affirm.

The district court did not abuse its discretion in dismissing Colen's action because Colen failed to effect proper service of the summons and complaint despite being given notice, opportunities, and directives to do so, and Colen did not establish good cause for his failure to serve. *See* Fed. R. Civ. P. 4(c), (j)(2) (setting forth proper methods for service of process on a local government, including by serving the summons and complaint "in the manner prescribed by that state's law for serving . . . such a defendant"); Fed. R. Civ. P. 4(m) (explaining that the district court may dismiss for failure to serve after providing notice and absent a showing of good cause); Cal. Civ. Proc. Code §§ 416.50, 415.20 (setting forth proper methods of service of process on a local government entity); *Kott v. Superior Ct.*, 53 Cal. Rptr. 2d 215, 221 (Ct. App. 1996) (setting forth requirements for service by publication, including that the "party to be served cannot with reasonable diligence be served in another manner").

Colen's request for service of process by the U.S. Marshals, set forth in the opening brief, is denied as moot.

**AFFIRMED.**

2                                                         25-2286